UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL RIVERA and YARELIS
RIVERA, for themselves and on behalf of
those similarly situated,

  Plaintiff,

vs.           Case No.:

GENERAL CONNECTION LLC, a
Florida limited liability company, and
NATALIE GUZMAN, an individual,

  Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Michael Rivera and Yarelis Rivera ("Plaintiffs"), for themselves and on behalf of those similarly situated, hereby file this Complaint against Defendants, General Connection LLC, a Florida limited liability company, ("General Connection"), and Natalie Guzman ("Guzman"), an individual, (collectively, the "Defendants"), and states the following:

## INTRODUCTION

This is an action for unpaid minimum wage, overtime, and earned commissions. Plaintiffs and their fellow Tax Preparers have been systemically denied wages to which they were entitled by law and now seek to hold Defendants accountable. This was not an innocent mistake or oversight. Defendants circumvented the FLSA by misclassifying Plaintiffs and others similarly situated as "independent contractors," denying them minimum wage and time and one-half of their regular rate for overtime hours worked. In addition, Plaintiffs were denied their earned commissions. Defendants knew exactly what they were doing. Under no plausible interpretation of the FLSA were Plaintiffs and their fellow Tax Preparers exempt from minimum

and overtime wages; their job was tax preparation and filing.  Discovery in this case will reveal Defendants engaged in a scheme to deny Plaintiffs and their fellow Tax Preparers wages required by the FLSA, willfully and maliciously circumventing the statute.  For Defendants' violations, Plaintiffs and their fellow Tax Preparers now seek redress including unpaid minimum wages overtime wages, earned commissions, liquidated damages and attorneys' fees and costs.

## PARTIES

1. At all times material to this action, Plaintiffs were residents of Osceola County, Florida.

2. At all times material hereto, Defendant, General Connection was, and continues to be, a Florida limited liability company.  Further, at all times material hereto, General Connection's principle place of business is located in Osceola County, Florida.

3. Based on information and belief, at all times material hereto, Defendant, Guzman is an individual residing in the state of Florida, Osceola County.

## STATEMENT OF FACTS

4. This action is brought under the FLSA to recover from Defendants minimum wages, overtime compensation, earned commissions, liquidated damages, and reasonable attorneys' fees and costs.

5. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

6. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Osceola County, Florida.

7. At all times material hereto, General Connection was, and continues to be, an "employer" within the meaning of the FLSA.

8. At all times material hereto, Defendant Guzman is the manager of General Connection and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and daily operations of General Connection.

9. Defendant Guzman is an individual employer as defined by 29 U.S.C. §201, et seq., in that she acted, directly or indirectly, in the interests of General Connection towards Plaintiffs.

10. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of § 7 of the FLSA.

11. At all times material hereto, Plaintiffs were "employees" of Defendants, within the meaning of the FLSA.

12. At all times material hereto, Defendants misclassified Plaintiffs as "independent contractors."

13. At all times material hereto, General Connection was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Based upon information and belief, Defendants gross revenues exceeded $500,000.00 per annum during the three years preceding the filing of this Complaint.

15. Defendants had two or more employees who regularly handled Defendants' products and equipment, including computers, telephones, paper, and calculators.

16. At all times material hereto, the work performed by the Plaintiffs were directly essential to the business performed by Defendants.

17. Plaintiff, Michael Rivera was hired on or about January 2, 2017, to work as a tax preparer, providing tax preparation and filing services.

18. Plaintiff, Yarelis Rivera was hired on or about January 2, 2017, to work as an office manager and tax preparer, providing tax preparation and filing services.

19. Defendants classified Plaintiffs as "independent contractors" throughout their employment.

20. As a Tax Preparers, Plaintiffs' duties included preparing and filing taxes for clients, performing administrative tasks, setting up inflatable balloons outside of store front, and placing flyers around neighboring areas.

21. As the office manager, Plaintiff, Yarelis Rivera's job duties included opening and closing the office, addressing client's concerns and/or complaints in the office.

22. Plaintiff, Yarelis Rivera, in her capacity as an office manager, did not supervise other employees and did not have the authority to hire and fire employees.

23. Plaintiffs did not have the ability to negotiate their rate(s) of pay.

24. Plaintiffs did not negotiate their rate(s) of pay, rather Plaintiffs' rate(s) of pay were pre-set by Defendants. Plaintiffs were paid a straight commission for their work.

25. Plaintiffs were required to follow all of Defendants' company policies and procedures.

26. During the two seasons Plaintiffs worked for Defendants, from at least January 2, 2017 through April 21, 2017 and from January 2, 2018 through April 21, 2018, Defendants required Plaintiffs to work approximately 70 hours in nearly every workweek.

27. Defendants provided equipment necessary for Plaintiffs to perform their work, such as the computers they used to prepare client's taxes.

28. Plaintiffs were not incorporated or otherwise in business for themselves during the time that they performed work for Defendants.

29. Plaintiffs did not generate any of their own work as Tax Preparers; rather, they received all of their assignments from Defendants.

30. Plaintiffs' opportunity for profit or loss did not depend on their entrepreneurial or managerial skills.

31. The work Plaintiffs did was essential and integral to Defendants' tax preparation business.

32. Defendants controlled the way in which Plaintiffs' performed their work, by instructing Plaintiffs in the way Defendants wanted the work performed.

33. Defendants set rules and guidelines governing Plaintiffs' employment, including but not limited to, hours of work, and Plaintiffs' rate of pay.

34. Plaintiffs did not have the ability to alter or change the terms of their employment.

35. Plaintiffs were economically dependent upon Defendants for their livelihood from at least January 2, 2017, until their last day of work for each season.

36. Defendants knew or should have known that Plaintiffs were economically dependent on Defendants and not in business for themselves, as they were required to work approximately 70 hours per week for Defendants.

37. Defendants did not pay Plaintiffs an hourly wage. Rather, Plaintiffs were promised a percentage (commission) of the revenues after the store's expenses were covered. For the first tax season, the purported overhead was $30,000.00. For the second tax season, the purported overhead was $50,000.00.

38. By requiring Plaintiff's to pay back overhead before receiving compensation, Defendants took an illegal "kickback" by not paying wages to Plaintiffs "free and clear" of all outstanding obligations.

39. During the time they worked for Defendants, Plaintiffs regularly worked close to 70 hours every work week, for which they did not receive minimum wages or overtime wages.

40. Defendants failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours one or more workweeks.

41. Specifically, the practice that led to this failure to pay overtime was Defendants' misclassification of Plaintiffs as "independent contractors" not entitled to overtime compensation.

42. Because of this practice of misclassification, which was common to all Tax Preparers, Defendants did not pay any overtime premiums for hours over forty (40).

43. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty (40) hours on each workweek, as required by the FLSA.

44. Defendants are in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiffs.

45. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as Tax Preparers, were misclassified as "independent contractors," and were therefore denied proper minimum wage and overtime compensation for hours over forty (40).

46. Defendants have violated Title 29 U.S.C. §206-207 from at least January 2, 2017 to the present, in that:

   a. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs, and those similarly situated, minimum wages in addition to the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA, due to the policies and practices described above.

47. Upon information and belief, Defendants did not rely upon any Department of Labor Wage and Hour opinions in creating Plaintiffs' and other Tax Preparers pay structures.

48. Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act or was in reckless disregard of its provisions. As such, Defendants' violation of the law was willful.

49. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

50. Plaintiffs have retained the law firm of Morgan & Morgan, P.A., to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs assert their Count I and Count II claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

52. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the following class:

> **All current and former Tax Preparers of Defendants in the three (3) years preceding the filing of the Complaint through the date notice issues in this matter who were not compensated minimum wages in addition to overtime wages based on their regular hourly rate for**

**those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.**

53. All potential § 216(b) Class members are similarly situated because, *inter alia*, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including that Defendants failed to pay class members overtime wages for each hour of work as mandated by the FLSA.

**COUNT I**
**BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)**
**29 U.S.C. §§ 201 *et seq.***
**FAILURE TO PAY OVERTIME WAGES**

54. Plaintiffs reallege and incorporate by reference paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Plaintiffs assert this claim on behalf of themselves and the § 216(b) Class pursuant to 29 U.S.C. § 216(b).

56. During all times relevant to this action, Plaintiffs and all others similarly situated were employed by the Defendants as defined by 29 U.S.C. § 203(g).

57. Defendants failed to pay Plaintiffs and the § 216(b) class the statutory overtime wage for every hour of work over 40 hours per week.

58. During all times relevant to this action, Plaintiffs and the § 216(b) Class were employed by Defendants in an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

59. During all times relevant to this action, Plaintiffs and the § 216(b) Class were employed by Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person.

60. Defendants had annual gross revenue in excess of $500,000.00 and employed two

or more persons, including Plaintiffs, who handled and worked on materials which had been moved in interstate commerce.

61. Plaintiffs and the § 216(b) Class are individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce.

62. Defendants failed to pay Plaintiffs and the § 216(b) Class the overtime wages required by the FLSA.

63. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs and the § 216(b) Class time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs and the § 216(b) Class are entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs, for themselves and on behalf of those similarly situated requests: conditional certification, pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as Tax Preparers who were classified as independent contractors in the three years preceding the filing of the Complaint; an order permitting notice to all potential class members; a declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiffs' favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### COUNT II
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 29 U.S.C. §§ 201 *et seq.*
### FAILURE TO PAY MINIMUM WAGES

64. Plaintiffs readopt and reincorporate all allegations contained in Paragraphs 1-53 above as if stated fully herein.

65. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

66. At all relevant times, Defendants employed Plaintiffs.

67. Defendants' failure to pay Plaintiffs the full minimum wage is a violation of 29 U.S.C. § 206.

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

70. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiffs.

71. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the full and complete minimum wage for each hour worked, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

72. As a result of Defendants' reckless disregard of the FLSA, Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of minimum wage pay for the hours worked by them but for which Defendants failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT III
### BREACH OF WRITTEN EMPLOYMENT CONTRACT

73. Plaintiffs readopt and reincorporate all allegations contained in Paragraphs 1-50

above as if stated fully herein.

74. Plaintiffs and Defendants entered into a written employment agreement.

75. Pursuant to this agreement Defendants agreed to compensate Plaintiffs' a commission based upon the amount of work performed.

76. An essential term of the employment agreement was that Defendants would pay Plaintiffs' according to the terms of said agreement.

77. Defendants have willfully failed to pay Plaintiffs' earned commissions.

78. Plaintiffs have been damages due to Defendants' willful failure to pay Plaintiffs' the appropriate and agreed upon commissions and reimbursements.

79. Pursuant to § 448.08, Florida Statutes, Plaintiffs are entitled to costs of the action and a reasonable attorneys' fee.

WHEREFORE, Plaintiffs request judgement against the Defendants for damages and pre-judgment interest, together with costs of the suit and reasonable attorneys' fees, and such other relief as the court may deem proper.

## COUNT IV
## UNJUST ENRICHMENT

80. Plaintiffs readopt and reincorporate all allegations contained in Paragraphs 1-50 above as if stated fully herein.

81. Plaintiffs' gave Defendants benefits but were not compensated fully for their services.

82. Defendants have accepted these services and never objected to the same.

83. Plaintiffs have been damages due to Defendants' willful failure to pay Plaintiffs for all of their services.

84. Pursuant to § 448.08, Florida Statutes, Plaintiffs are entitled to costs of the action and a reasonable attorneys' fee.

WHEREFORE, Plaintiffs request judgment against the Defendants for damages and pre-judgment interest, together with costs of the suit and reasonable attorneys' fees, and such other relief as the court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 6th day of March, 2020.

/s/ *Marc R. Edelman*
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813-223-5505
Facsimile: 813-257-0572
E-mail: MEdelman@forthepeople.com
E-mail: GTriantis@forthepeople.com
*Attorneys for Plaintiff*